# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

GUADALUPE S. GONZALEZ,    )    No. CV 06-07292 AGR

       Plaintiff,    )

             )    MEMORANDUM OPINION AND ORDER

    v.    )

MICHAEL J. ASTRUE,    )
Commissioner of Social Security    )

       Defendant.    )

_____ )

Plaintiff Guadalupe S. Gonzalez ("Gonzalez") filed this action on November 21, 2006. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 29, 2007, and May 2, 2007. Pursuant to the Court's Order, the Plaintiff's brief was filed February 16, 2007, and the Defendant's brief was filed March 15, 2007. No reply briefs were filed. The Commissioner filed the certified administrative record ("AR"). The Court has taken the briefs under submission without oral argument.

Having reviewed the entire file, the Court concludes that, under the Ninth Circuit's recent decision in *Massachi v. Astrue*, No. 05-55201, 2007 U.S. App. LEXIS 11115 (9th

///

Cir. May 11, 2007), the decision of the Commissioner must be reversed and remanded for further proceedings consistent with this opinion.

## I.

## PROCEDURAL BACKGROUND

On January 26, 2004, Gonzalez filed the application for Supplemental Security Income benefits that is at issue before this Court.  A.R. 23.  The Administration denied the application at the initial stage and on reconsideration.  *Id.*  Gonzalez timely sought a hearing before an Administrative Law Judge ("ALJ") on September 9, 2004.  *Id.*  The ALJ conducted a hearing on February 10, 2006.  *Id.*

On May 11, 2006, the ALJ issued a decision denying benefits.  A.R. 23-27. Gonzalez sought review with the Appeals Council.  A.R. 12-14.  The Appeals Council denied the case and cast the ALJ's decision dated May 11, 2006 as the final decision of the Commissioner.  A.R. 6-9.

Gonzalez filed a complaint in the Central District of California on November 21, 2006, seeking review of the Commissioner's decision.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is

1 | susceptible to more than one rational interpretation, the Court must defer to the decision
2 | of the Commissioner.  *Moncada*, 60 F.3d at 523.

3 | **III.**

4 | **EVALUATION OF DISABILITY**

5 | The sole issue before this Court is whether the ALJ erred in Step Five of the
6 | sequential analysis.  Specifically, Gonzalez argues that the ALJ erred in deviating from
7 | the Dictionary of Occupational Titles without explanation.

8 | **A.     The Ninth Circuit's Decision in Massachi v. Astrue**

9 | The Dictionary of Occupational Titles (DOT) raises a rebuttable presumption as to
10 | job classification.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

11 | Social Security Ruling 00-4p provides in pertinent part:  "When a [vocational
12 | expert] . . . provides evidence about the requirements of a job or occupation, the
13 | adjudicator has an affirmative responsibility to ask about any possible conflict between
14 | that [vocational expert] . . . evidence and information provided in the DOT."  The ALJ
15 | "will" ask the vocational expert "if the evidence he or she has provided conflicts with
16 | information provided in the DOT" and, if there is a conflict, "obtain a reasonable
17 | explanation for any apparent conflict."

18 | Recently, the Ninth Circuit addressed the question of "whether, in light of the
19 | requirements of SSR 00-4p, an ALJ may rely on a vocational expert's testimony
20 | regarding the requirements of a particular job without first inquiring whether the
21 | testimony conflicts with the Dictionary of Occupational Titles."  *Massachi*, 2007 U.S.
22 | App. LEXIS 11115 at *6-*7 (footnote omitted).  The answer is no.  *Id.* at *11-*12.

23 | The Ninth Circuit concluded that the procedural requirements of SSR 00-4p
24 | require the ALJ to "first determine whether a conflict exists" between the DOT and the
25 | vocational expert's testimony, and "then determine whether the vocational expert's
26 | explanation for the conflict is reasonable and whether a basis exists for relying on the
27 | expert rather than the [DOT]."  *Id.* at *10-*11.

28 | ///

1    In evaluating the vocational expert's explanation for the conflict, the Ninth

2    Circuit's prior opinion in *Johnson v. Shalala* indicates that "an ALJ may rely on expert

3    testimony which contradicts the DOT, but only insofar as the record contains persuasive

4    evidence to support the deviation."  60 F.3d at 1435.  The ALJ's explanation is

5    satisfactory if the ALJ makes findings of fact that support a deviation from the DOT and

6    there is "persuasive testimony of available job categories" that match "the specific

7    requirements of a designated occupation with the specific abilities and limitations of the

8    claimant."  *Id.* at 1434 n.7, 1435.

9    **B.    The ALJ's Decision**

10    Just as in *Massachi*, the ALJ in this case did not ask the vocational expert

11    whether her testimony conflicted with the DOT and, if so, whether there was a

12    reasonable explanation for the conflict.  A.R. 333-40.

13    Under these circumstances, the Ninth Circuit held that "we cannot determine

14    whether the ALJ properly relied on [the vocational expert's] testimony."  Further, "we

15    cannot determine whether substantial evidence supports the ALJ's step-five finding that

16    Massachi could perform other work."  *Massachi*, 2007 U.S. App. LEXIS at *11.  The

17    remedy, according to the Ninth Circuit, is "to remand this case so that the ALJ can

18    perform the appropriate inquiries under SSR 00-4p."  *Id.* at *12.

19    However, in a footnote, the Ninth Circuit indicated that remand may not be

20    necessary if the procedural error is harmless, *i.e.*, when there is no conflict "or if the

21    vocational expert had provided sufficient support for her conclusion so as to justify any

22    potential conflicts."  *Id.* at *11 n.19.

23    The Commissioner appears to argue that there is no conflict and points to the

24    ALJ's statement that the "vocational expert's testimony was consistent with the

25    information contained" in the DOT.  A.R. 26.

26    ///

27    ///

28    ///

4

1    The ALJ's hypothetical to the vocational expert correctly included a limitation that
2    the individual "could do simple 1, 2 step job instructions."[1]  A.R. 335.  This limitation is
3    an almost verbatim rendition of Reasoning Level 1 as defined by the DOT.  In response
4    to the hypothetical, the vocational expert identified the jobs of assembly machine
5    tender, laundry worker, and collator.  A.R. 25; A.R. 336-37.  The parties do not dispute
6    that the jobs identified by the vocational expert – assembly machine tender, laundry
7    worker and collator – all require Reasoning Level 2 according to the DOT.  Reasoning
8    Level 2 is defined as follows: "Apply commonsense understanding to carry out ***detailed***
9    ***but uninvolved written or oral instructions***.  Deal with problems involving a few
10   concrete variables in or from standardized situations."  (Emphasis added.)  By contrast,
11   Reasoning Level 1 is defined: "Apply commonsense understanding to carry out ***simple***
12   ***one-or two-step instructions***.  Deal with standardized situations with occasional or no
13   variables in or from these situations encountered on the job."  (Emphasis added.)

14   There is an apparent conflict between the vocational expert's testimony and the
15   DOT.  Neither the ALJ nor Gonzalez's attorney asked the vocational expert whether
16   there was a conflict.  Nor did anyone ask the vocational expert to explain or justify any
17   conflict.  The vocational expert did not specifically address that issue.  On this record,
18   the Court cannot find that any procedural error was harmless.

19                                          **IV.**

20                                        **ORDER**

21   IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and
22   this case is remanded so that the ALJ can perform the appropriate inquiries under SSR
23   00-4p.

24

25

26   [1]   The psychiatric consultation on which the ALJ relied (A.R. 24) concluded: "The
27   patient has no difficulty understanding.  Carrying out complex job instructions may be
     impaired secondary to memory problem.  The patient is capable of following simple one
28   and two-step job instructions."  A.R. 256.

1    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order

2  and the Judgment herein on all parties or their counsel.

3

4

5  DATED: June 14, 2007                                    _____

6                                                           ALICIA G. ROSENBERG
                                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28